### 13098.   BANKENDORF *v.* SEVELOVITZ.

The evidence being undisputed that the defendant sold to the plaintiff as diamonds certain stones which were not diamonds, although the defendant testified that he "took them in as diamonds" and did not know that they were not genuine diamonds, and that he gave the plaintiff a chance to examine them or to have any one else examine them before purchasing, the plaintiff was entitled to recover the money paid for them, and the verdict for the defendant was not authorized.
DECIDED MARCH 7, 1922.

Action on contract; from city court of La Grange — Judge Duke Davis.   October 29, 1921.

Application for certiorari was denied by the Supreme Court.

*A. H. Thompson,* for plaintiff, cited: Civil Code (1910), § 4139; 83 *Ga.* 684; 117 *Ga.* 543-4; 119 *Ga.* 489; 126 *Ga.* 281; 14 Am. & Eng. Enc. L. 114; 84 Kans. 724 (115 Pac. 585) ; 103 *Ga.* 314; 36 *Ga.* 648 (4).

*M. U. Mooty,* for defendant, cited 126 *Ga.* 321 (3).

LUKE, J.  Bankendorf sued Sevelovitz, alleging that he had bought from the defendant three alleged diamonds, paying the defendant $375 for them; that the defendant expressly warranted the diamonds to be genuine and well worth more than the amount he was paying for them; that the stones looked like diamonds, but in fact were not genuine diamonds, but were spurious or paste diamonds, and were totally worthless; and that by reason of the breach of warranty and fraudulent statements of the defendant, the plaintiff was damaged in the sum paid for the diamonds.  The plaintiff's evidence amply supported his petition.  The testimony was uncontradicted that the stones purchased were not diamonds and were worthless, that they were mere imitations, but were such imitations as to mislead the casual observer, even though he might be familiar with diamonds; that they were, however, such fake or spurious stones that upon taking them out of the setting the casual observer would know that they were not diamonds.  The plaintiff's evidence was to the effect that the defendant expressly warranted the stones to be genuine diamonds.  The defendant, by his evidence, denied that he had warranted the stones to be genuine diamonds.  He testified that he merely sold the three stones to the plaintiff and had given the plaintiff ample time to have them examined and see what he was buying; that before showing the stones to the plaintiff and while out riding with the plaintiff and his wife, diamonds were mentioned, and he told the plaintiff that he had a lavalliere which he had taken in upon a loan, and that the next day after this ride the plaintiff came around and asked to see the lavalliere and it was handed to him with the statement that he could take it and when he was satisfied with it he could pay for it.  On cross-examination, however, he testified: " I told him I had a diamond lavalliere with three stones in it. I told him they were set in white gold."  " I sold them to him for diamonds."  "I took them in as genuine diamonds."  " I told him I took in the lavalliere with three diamonds."  " I didn't know it was a fake when I sold it to him."

The jury trying the case found a verdict in favor of the defendant. Upon the undisputed evidence, was the jury authorized to return a verdict in favor of the defendant ? It is without dispute that the defendant sold them as diamonds, and it is without dispute that they are not diamonds. Can the defendant escape the return of the money paid for these stones, upon the ground that he took them in as diamonds and did not know they were not genuine diamonds, but gave the plaintiff a chance to examine them himself or have anyone else examine them before purchasing them ? We think not. By common information we know that there are many grades of diamonds, but a diamond is a diamond. If the issue had been here, upon the plaintiff's side, that these stones were expressly warranted to be a certain grade of diamonds, and upon the defendant's side that he did not warrant them to be of any particular grade, then the verdict could stand. In this case no such issue is raised. The defendant himself says that he sold the plaintiff three diamonds and for such the plaintiff paid him. The evidence is undisputed that they were not diamonds. In our opinion, the evidence demanded a verdict for the plaintiff, and it was error for the court to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*